UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
THERESA BUONIELLO,

                    Plaintiff,

    - against -

ETHICON WOMEN'S HEALTH AND
UROLOGY, a division of ETHICON, INC.;
GYNECARE, a division of ETHICON, INC.;
ETHICON, INC.; and JOHNSON &
JOHNSON;

                    Defendants.
--------------------------------------------------------X

**MEMORANDUM AND ORDER**
2:19-cv-4021 (DRH)(ARL)

**APPEARANCES**

**For Plaintiff:**

Martin Baughman, PLLC
3710 Rawlins Street, Suite 1230
Dallas, Texas 75219
By:    Laura J. Baughman, Esq.

**For Defendant:**

Riker Danzig Scherer Hyland & Perretti LLP
One Speedwell Avenue
Morristown, New Jersey 07962
By:    Kelly S. Crawford, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff Theresa Buoniello ("Plaintiff" or "Buoniello") brought this action against

Defendants Ethicon Women's Health and Urology, Gynecare, Ethicon, Inc., and Johnson &

Johnson (collectively, "Defendants"), asserting claims for strict liability, negligence, fraud,

fraudulent concealment, constructive fraud, negligent misrepresentation, negligent infliction of

emotional distress, breach of express and implied warranty, violation of the New York Consumer Protection Act, gross negligence, unjust enrichment, punitive damages, and "discovery rule and tolling". Presently before the Court is Defendants' motion for partial dismissal pursuant to Fed. R. Civ. P ("Rule") 12(b)(6) for failure to state a claim. For the reasons discussed below, Defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following relevant facts come from the Complaint ("Compl.") and are assumed true for purposes of this motion.

Defendants manufacture, market, and sell a variety of pelvic mesh products, including Prolene Mesh, Gynemesh, Prolift, Prosima, Prolift+M, and TVT (collectively, the "Pelvic Mesh Products") to treat medical conditions in the female pelvis. (Compl. [ECF No. 1] ¶¶ 8, 14.) Defendants marketed the Pelvic Mesh Products "to the medical community, medical device manufacturers, and patients and consumers as safe, effective, and reliable medical devices that could be implanted by safe and effective, minimally invasive surgical techniques for the treatment of medical conditions." (*Id.* ¶ 19.) Plaintiff alleges, upon information and belief, that Defendants have misled the FDA, the medical community, patients, and the public at large about these products. (*Id.* ¶ 22.)

In April of 2010, Plaintiff's surgeon performed a surgical procedure and implanted Plaintiff with two of Defendants' Pelvic Mesh Products, the Gynecare TVT-Obturator and the Prisma Anterior Pelvic Floor Repair System. (*Id.* ¶ 16.) These products were implanted to treat Plaintiff's pelvic floor prolapse and/or stress urinary incontinence. (*Id.* ¶ 17.) Plaintiff alleges that, as a result of having the Pelvic Mesh Products implanted in her, she "has sustained permanent injuries, has required corrective surgery, will likely need additional corrective

surgery, and has experienced and will continue to experience significant mental anguish and physical pain and suffering as well as financial and economic damages, including the cost of medical services and other related expenses." (*Id.* ¶ 18.)

## DISCUSSION

### I.     *The Parties' Arguments*

Plaintiff brings fifteen causes of action against Defendants: (1) strict liability based on defective manufacture and design; (2) strict liability based on failure to warn; (3) negligence; (4) common law fraud; (5) fraudulent concealment; (6) constructive fraud; (7) negligent misrepresentation; (8) negligent infliction of emotional distress; (9) breach of express warranty; (10) breach of implied warranty; (11) violation of New York Consumer Protection Act; (12) gross negligence; (13) unjust enrichment; (14) punitive damages; and (15) discovery rule and tolling. (Compl. ¶¶ 35–184.)

Defendants argue that many of Plaintiff's claims are duplicative and should therefore be dismissed. In particular, Defendants contend that Plaintiff's claims for negligence, negligent misrepresentation, negligent infliction of emotional distress, and gross negligence are duplicative of the strict liability claims; that Plaintiff's claims for fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, breach of warranty, and consumer fraud are duplicative of the failure to warn claim; and that Plaintiff's unjust enrichment claim is duplicative of the failure to warn claim. Defendants also argue that the learned intermediary doctrine serves as a bar to those claims sounding in fraud. Additionally, Defendants argue that Plaintiff's claim for negligent infliction of emotional distress is not cognizable under New York law and that Plaintiff's breach

of warranty claims are time barred.  Defendants also contend that New York law applies to

Plaintiff's substantive claims.[1]  (Defs.' Mem. in Supp. [ECF No. 14-1].)

Plaintiff agrees that New York law applies to her claims and does not oppose dismissal of

the breach of warranty claims.  Accordingly, those claims are dismissed.  Plaintiff argues that she

is allowed to present alternative theories of liability and that, as to the claims sounding in fraud,

the learned intermediary doctrine does not apply because she alleges a failure to adequately warn

her health care professionals.  She also argues that she has stated a cognizable claim for

negligent infliction of emotional distress.  (Pl.'s Mem. in Opp. [ECF No. 14-3].)

## II.     Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court should "draw all reasonable

inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and

determine whether they plausibly give rise to an entitlement to relief."  *Faber v. Metro. Life Ins.

Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted).  The plausibility

standard is guided by two principles.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.

Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir.

2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal

conclusions.  Thus, "threadbare recitals of the elements of a cause of action supported by mere

conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Although "legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at

679.  A plaintiff must provide facts sufficient to allow each named defendant to have a fair

---

[1] Defendants contend, in a footnote, that Defendant Johnson & Johnson "is improperly named as Defendant because it does not develop, design, manufacture, market, or sell any products or services to the public."  (Defs. Mem. in Supp. at 1 n.1.)  Since no motion has been filed to dismiss Johnson & Johnson, the Court does not address the issue.

understanding of what the plaintiff is complaining about and to know whether there is a legal

basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to

dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks

for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between

possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at

556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir.

2007). Determining whether a complaint plausibly states a claim for relief is "a context specific

task that requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

III.     *The Negligence Claims Are Not Duplicative of the Strict Liability Claims*

As noted above, Defendants argue that Plaintiff's claims for negligence (count III),

negligent misrepresentation (count VII), negligent infliction of emotional distress (count VIII),

and gross negligence (count XII) (collectively, the "Negligence Claims") fail as a matter of law

because these claims are duplicative of Plaintiff's strict liability claims. (Defs.' Mem. in Supp.

at 6.) Plaintiff argues in opposition that she is permitted to plead alternative theories of liability

and that the claims are not duplicative. (Pl.'s Mem. in Opp. at 3.)

Defendants cite to case law establishing that negligence and strict liability claims are

considered equivalent under New York state law. (Defs.' Mem. in Supp. at 6.) Be that as it

may, Defendants do not point to any case law suggesting that a plaintiff cannot sustain causes of

action for both negligence and strict liability at the same time.  To the contrary, as Plaintiff

points out, "[i]t is well established that the plaintiff in a damage action based on the defective

nature of a product may sue on any one or more of four theories: (1) negligence, (2) breach of

express warranty, (3) breach of implied warranty, or (4) strict tort liability." *Lancaster Silo &*

*Block Co. v. N. Propane Gas Co.*, 75 A.D.2d 55, 61, 427 N.Y.S.2d 1009 (N.Y. App. Div. 4th

Dep't 1980); *see also Shaw v. Zimmer, Inc.*, 2017 WL 5952203, at *1 (S.D.N.Y. Nov. 29, 2017)

(denying motion to dismiss negligence claim on basis that it was duplicative of strict liability

claim because "New York law recognizes that plaintiffs may maintain separate causes of action

for each.")  Accordingly, Defendants' motion to dismiss on the basis that the Negligence Claims

are duplicative of the strict liability claims is denied.

IV.     *The Fraud Claims Are Not Duplicative of the Failure to Warn Claims*

        Defendants argue that Plaintiff's claims for fraud (count IV), fraudulent concealment

(count V), constructive fraud (count VI), negligent misrepresentation (Count VII), breach of

warranty (count IX and X), and consumer fraud (count XI) (collectively, the "Fraud Claims")

should be dismissed because these claims do not constitute separate grounds of recovery from

Plaintiff's failure to warn claim.  (Defs.' Mem. in Supp. at 7.)  In particular, Defendants argue

that the learned intermediary doctrine applies to the Fraud Claims and that they are therefore not

cognizable as separate grounds for recovery.  (*Id.*)

        "New York uses an informed intermediary doctrine, whereby warnings must be given to

'the physician, whose duty it is to balance the risks against the benefits of various drugs and

treatments and to prescribe them and supervise their effects.'" *Tomaselli v. New York &*

*Presbyterian Hosp.*, 728 F. App'x 41, 43 (2d Cir. 2018) (citing *Martin v. Hacker*, 83 N.Y.2d 1,

9, 628 N.E.2d 1308, 607 N.Y.S.2d 598 (1993)).  The product is not defective if the doctor is

sufficiently warned.  *Id.*

Defendants do not cite to any New York case law indicating that the learned intermediary

doctrine necessitates dismissal of the Fraud Claims, let alone that it necessarily applies to the

facts at hand.[2]  Indeed, Plaintiff disputes the application of the learned intermediary doctrine to

her claims given that she alleges in her Complaint that Ethicon failed to adequately warn and

instruct her healthcare providers.  (Pl.'s Mem. in Opp. at 5.)  Accordingly, given the early stage

of this case, and because there is nothing before the Court indicating that dismissal is required,

the motion to dismiss the Fraud Claims is denied.[3]  *See Wholey v. Amgen, Inc.*, 165 A.D.3d 458,

459, 86 N.Y.S.3d 16 (N.Y. App. Div. 1st Dep't 2018) ("The learned intermediary doctrine does

not compel dismissal of the claims that the drug's warning labels were insufficient, since the

claims are premised not on defendants' failure to warn plaintiff directly but on their failure to

provide proper warnings to her prescribing medical professionals.")

V.      *The Claim for Unjust Enrichment is Duplicative*

Defendants argue that Plaintiff's unjust enrichment claim should be dismissed as

duplicative of the failure to warn claim.  (Defs.' Mem. in Supp. at 9.)  Additionally, Defendants

argue that Plaintiff has failed to state a plausible claim for unjust enrichment.  (*Id.*)  In order to

plead an unjust enrichment claim, a plaintiff must allege that "(1) the other party was enriched,

(2) at the party's expense, and (3) that it is against equity and good conscience to permit the

---

[2] Defendants cite to a case from the Southern District of West Virginia, as well as the cases cited within that case, for the proposition that this Court should dismiss the Fraud Claims based on the learned intermediary doctrine.  Besides the fact that none of those cases applied New York law, those decisions are distinguishable on other grounds, such as that they were rendered at the summary judgment stage.

[3] Defendants raise in reply, for the first time, the argument that Plaintiff has not pleaded fraud with specificity.  Because this argument was raised for the first time on reply, the Court will not consider it.  *See Anghel v. Sebelius*, 912 F. Supp. 2d 4, 14 (E.D.N.Y. 2012).

other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 944

N.E.2d 1104, 1110 (N.Y. 2011) (internal citations and quotations omitted). "However, 'unjust

enrichment is not a catchall cause of action to be used when others fail … [and] [a]n unjust

enrichment claim is not available where it simply duplicates, or replaces, a conventional contract

or tort claim." *Greene v. Gerber Prod. Co.*, 262 F. Supp. 3d 38, 77 (E.D.N.Y. 2017) (quoting

*Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177 (2012))

(dismissing unjust enrichment claim where plaintiff also alleged several common law torts).

Given that Plaintiff has asserted a number of common law tort claims in this action and that

neither party provides much argument on the sufficiency of Plaintiff's claim, the unjust

enrichment claim is dismissed as duplicative.

VI.     *The Claim for Negligent Infliction of Emotional Distress is Duplicative*

Defendants argue that Plaintiff's claim for negligent infliction of emotional distress is not

cognizable under New York law because the claim has not been applied in the medical device

context. (Defs.' Mem. in Opp. at 9-10.) Further, Defendants argue that it is duplicative of the

other tort causes of action. (*Id.*)

"Generally, a cause of action for infliction of emotional distress is not allowed if

essentially duplicative of tort or contract causes of action." *Wolkstein v. Morgenstern*, 713

N.Y.S.2d 171, 172 (N.Y. App. Div. 1st Dep't 2000) (citing *Murphy v. American Home Products*,

58 N.Y.2d 293, 303 (1983)); *see also Scism v. Ethicon, Inc.*, 2020 WL 1245349, at * 7 (E.D.N.Y.

Mar. 16, 2020) ("After all, a negligent infliction of emotional distress claim is ultimately an

'acknowledgement by the courts of the need to provide relief in those circumstances where

traditional theories of recovery do not.") (citing *Lee v. McCue*, 410 F. Supp. 2d 221 (S.D.N.Y.

2006)).

A review of Plaintiff's claim for negligent infliction of emotional distress indicates that it is in fact duplicative of her other causes of action, and Plaintiff does not provide any argument as to why the claim is distinct.  Accordingly, the claim is dismissed.

*VII.    Leave to Amend is Denied*

Plaintiff requests leave to "amend her complaint to address any deficiencies identified by the Court."  (Pl.'s Mem. in Opp. at 8.)  Because the claims dismissed herein are dismissed due to their duplicative nature or because Plaintiff consents to their dismissal, further pleading on these claims would be futile.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Accordingly, leave to amend is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted in part and denied in part.  The motion is granted as to the claims for breach of warranty (counts IX and X),[4] unjust enrichment (count XIII), and negligent infliction of emotional distress (count VIII) and otherwise denied.

**SO ORDERED.**

Dated: Central Islip, New York         _s/ Denis R. Hurley_____
       September 29, 2020         Denis R. Hurley
                             United States District Judge

---

[4] *See supra* at 4.